**SO ORDERED.**

**SIGNED this 09 day of August, 2012.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

LEE BRICK & TILE COMPANY,                CHAPTER 11
                                          CASE NO. 12-04463-8-RDD
    DEBTOR

**ORDER**

Pending before the Court is the Amended Application for Authority to Compensate Officers of the Debtor (the "Amended Application")[1] filed by Lee Brick & Tile Company (the "Debtor") on July 11, 2012 and the Objection of Capital Bank to Applications for Approval of Compensation (the "Objection") filed by Capital Bank on July 13, 2012. The Court conducted a hearing on July 31, 2012 in Wilson, North Carolina to consider the Amended Application and the Objection.

The Debtor requests authority to compensate Mr. J.R. Holton, Secretary/Treasurer of the Debtor as follows:

> J.R. Holton's monthly salary is $14,624.00 which includes 401k deductions, dental insurance, vision insurance and cancer policy insurance. He has a monthly vehicle allowance of $230.08.  He has a monthly cell phone allowance of $50.69.  The

---

[1] The Application for Authority to Compensate Officers of the Debtor was filed on June 29, 2012 and was later amended by the Amended Application.

>monthly premium payment for life insurance for J.R. Holton is $806.26. A disability insurance premium is paid monthly for J.R. Holton in the amount of $3.80.

The Debtor notes for the year immediately preceding the petition date, Mr. Perry took a temporary 15% salary moratorium during part of 2011.  At the hearing, evidence was presented showing that Mr. J.R. Honton's annual gross salary for the year of 2011 was $134,878.73.  The Amended Application requests an annual salary of $175,488.00 be approved.

Based upon the testimony presented at the hearing, the Debtor experienced a net loss from operations, including depreciation of approximately $3,824,488.00 in 2011. Further, the first six (6) months of sales for 2012 have not improved when compared with 2011.  In 2006, the Debtor had approximately 120 employees. Over the past five (5) years the Debtor has had to lay off employees to cut costs. Currently, the Debtor has fifty-six (56) employees.

In Chapter 11 reorganization cases "where the principals and officers are the sole shareholders – it's a sign of good faith for those individuals to accept a lower salary when they have laid off individuals and when creditors and other parties-in-interest" may be asked to take less than they are contractually owed in a Chapter 11 plan.  *In re JHD Enterprises, Ltd*. No. 09-06680-8-RDD at 3 (Bankr. E.D.N.C. Sept. 24, 2009) (footnote omitted). "[S]uch reduction may also make a proposed plan of reorganization more feasible." *Id.*

Based upon the testimony and other evidence presented at the hearing,  the Court approves compensation and benefits to Mr. J.R. Holton, Secretary/Treasurer of the Debtor. As to Mr. J.R. Holton, the Court authorizes the following compensation and benefits: a gross monthly salary of $13,333.33, $160,000.00 annually which shall include 401k deductions, dental insurance, vision insurance and cancer policy insurance; a monthly vehicle allowance in the amount of $230.08; a monthly cell phone allowance in the amount of $50.69; a monthly premium payment for life

insurance for Mr. J.R. Holton in the amount of $806.26; and a disability insurance monthly premium for Mr. J.R. Holton in the amount of $3.80.

The Court finds the compensation as set forth above to be reasonable. Therefore, the Debtor is **ALLOWED** to compensate Mr. J.R. Holton, Secretary/Treasurer of the Debtor, as set out above.

**SO ORDERED**.

**END OF DOCUMENT**